# United States District Court
# Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  SA CR  08-0072 -AHS |
| **Defendant**   TU KY HUYNH | Social Security No.  5  2  1  2 |
| akas: Tiffany Huynh, Tu Ky Vu, Tu Tiffany Ky Huynh, Tu Huynh, Tu Tiffany Huynh | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| June | 8 | 2009 |

**COUNSEL**  [X] WITH COUNSEL   Robert S. Horowitz, Retd.
(Name of Counsel)

**PLEA**  [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**  There being a finding/verdict of  [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
26 USC § 7206(2) Aiding and Assisting in the Preparation of False Tax Returns and 18 USC § 1001 False Statements

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

    IT IS ORDERED that the defendant shall pay to the United States a special
assessment of $2,100.00, which is mandated by law and due immediately.

    All fines are waived as it is found that the defendant does not have the
ability to pay a fine.

    IT IS FURTHER ORDERED that defendant shall pay restitution in the total
amount of $100,545 to victims as set forth in a separate victim list prepared by
the probation office which this Court adopts and which reflects the Court's
determination of the amount of restitution due to each victim.  The victim list,
which shall be forwarded to the fiscal section of the clerk's office, shall
remain confidential to protect the privacy interests of the victims.

    Restitution shall be due during the period of imprisonment at the rate of
not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate
Financial Responsibility Program. If any amount of the restitution remains
unpaid after release from custody, monthly payments of at least $100 shall be
made during the period of supervised release.  These payments shall begin 30
days after commencement of supervision.  The defendant will receive credit for
any payments made to the victims by her former clients.

    Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the
Court that the defendant, Tu Ky Huynh, is hereby committed on Counts 1-20 and 26
of the 28-Count First Superseding Indictment to the custody of the Bureau of
Prisons to be imprisoned for a term of 16 months.  This term consists of 16
months on each of Counts 1-20 and 26, all terms to be served concurrently.

USA vs. TU KY HUYNH                                    Docket No.:   SA CR 08-00072(A)-AHS

    The Court recommends that the Bureau of Prisons conduct a medical, physical, and mental health evaluation of the defendant and provide all necessary treatment.

    Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years.  This term consist of one year on each of Counts 1-20 and three years on Count 26, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318, 01-05, and 05-02;

2. The defendant shall pay the special assessment in accordance with this judgment;

3. The defendant shall cooperate in the collection of a DNA sample from her person;

4. The defendant shall participate in any mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider with the approval of the Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychiatric disorder to the aftercare contractor during the period of community supervision, under to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer; and

6. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving the preparation of tax returns or providing tax consulting or bookkeeping services without the express written approval of the Probation Officer before engaging in such employment or business.  Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

    The Court authorizes the Probation Officer to disclose the Presentence Report and any previous mental health evaluations or reports to the mental health treatment provider.  The treatment provider may provide information, excluding the Presentence Report, to State or local social service agencies for the purpose of the client's rehabilitation.

    The drug testing condition otherwise mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

    IT IS FURTHER ORDERED that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on July 20, 2009. In the absence of such designation, the defendant shall

| | |
|---|---|
| USA vs. TU KY HUYNH | Docket No.: SA CR 08-00072(A)-AHS |

report on or before the same date and time, to the United States Marshal located at 411 West Fourth Street, Second Floor, Santa Ana, California, 92701.

    IT IS FURTHER ORDERED that pretrial services conditions shall remain in effect pending defendant's self surrender.  Upon timely self-surrender, defendant's bond shall be exonerated.

    IT IS FURTHER ORDERED that all remaining counts/underlying indictment be dismissed on motion of the government.

    Defendant informed of right to appeal.

    IT IS RECOMMENDED that the Bureau of Prisons designate confinement of defendant to the Federal Correctional Institution - Victorville in Adelanto, California.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| June 11, 2009 | _[signature]_ |
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| June 11, 2009 | By | Nancy K. Boehme |
| Filed Date | | Deputy Clerk |

USA vs. TU KY HUYNH                                      Docket No.: SA CR 08-00072(A)-AHS

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs. TU KY HUYNH                                    Docket No.: SA CR 08-00072(A)-AHS

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____                _____
Date                                  Deputy Marshal

| | |
|---|---|
| USA vs. TU KY HUYNH | Docket No.: SA CR 08-00072(A)-AHS |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

Filed Date         Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                    Date

         _____     _____
         U. S. Probation Officer/Designated Witness    Date